Staples, J.
delivered the opinion of the court.
The court is of opinion that when the commissioners are appointed by a County or Corporation court, under the provisions of section 6, chapter 56, Code of 1860, for the purpose of ascertaining what will be a just compensation to the tenant of the freehold for land taken for a work of internal improvement, it is the duty of such commissioners to hear all the legal and relevant testimony offered by either party bearing upon the question of such compensation; and the refusal or failure of the commissioners to hear such tes *664 timony, when offered in due time, is of itself sufficient , . ., . . to vacate their report.
The court is further of opinion, that when such reprt isPurne<i to the County or Corporation court, either party may show cause against its confirmation, upon the ground of excessive or inadequate compensation and damages, improper conduct of the commissioners in refusing or failing to hear legal and proper evidence, or by proof of any other fact tending to show that said report ought not to be adopted.
The courtis further of opinion, that the rule awarded by the County court of Rockingham at the September term 1878, at the instance of the appellant, did not have the effect of confining the appellant to the specific objection therein suggested to the confirmation of the commissioner’s report: but it was competent for the appellant, notwithstanding the rule aforesaid, to impeach said report, by showing the commissioners had improperly refused or failed to hear legal testimony offered by the appellant upon the question of compensation and damage aforesaid.
The court is of opinion that, according to a proper interpretation of the statute, all matters affecting the validity of the report and the action of the commissioners are open for investigation without notice, rule or pleading. The rule awarded as aforesaid in this case was therefore unnecessary, and cannot be held to deprive the appellant of a plain right conferred by the statute. If the County court had just reason to apprehend that the appellee might be surprised by the admission of evidence of matters not mentioned in the rule, it was competent and proper to postpone the investigation to such future day or term, at the costs of the appellant, as might afford the appellee sufficient time to meet the additional grounds of objection.
*665 The court is therefore of opinion that the County •court of Boekingham erred in refusing to hear the evidence set out in the-first bill of exceptions; and the Circuit court erred in refusing to set aside the judgment of the County court for the error aforesaid.
And this court proceeding to render such judgment ■as the said Circuit court ought to have rendered, it is considered by the court that the judgment of the County court of Boekingham be reversed and annulled; that a new trial be awarded the appellant, upon which trial the evidence aforesaid, if again ■offered, is to be received. And the case is remanded to the said Circuit court, for further proceedings to be had in conformity with the views herein expressed.
The judgment was as follows:
This day came again the parties by their attorneys, and the court having maturely considered the transcript of the record of the judgment aforesaid, and the arguments of counsel, is of opinion, for reasons stated in writing, and filed with the record, that the evidence offered by the appellant, and set out in its first bill of exceptions, was relevaut and proper evidence, and the County court of Boekingham erred in refusing to hear the same; and for said error the said Circuit court ought to have reversed the judgment of said County court, instead of affirming the same. It is therefore considered by the court that the judgment of the Circuit court be reversed and annulled, and that the defendant in error pay to the plaintiff in error its costs incurred in the prosecution of the appeal and supersedeas aforesaid here. And this court proceeding to render such judgment as the said Circuit court ought to have rendered, it is considered that the judgment *666 of the County court be reversed and annulled, and' that the defendant in error pay to the plaintiff in error its costs by it expended in the prosecution of the apPea^ an^ supersedeas before said Circuit court. And it is further considered that a new trial be awarded the-plaintiff in error, upon which new trial, if the evidence aforesaid is again offered, it is to be received by the court. And the case is remanded to the said Circuit court, to be proceeded with in conformity with the-views herein expressed; which is ordered to be certified to the said Circuit court of Rockingham county..
Judgment reversed.